In re ESTATE OF ALBERT BORNAC, an Incompetent.—(ALBERT BORNAC, Petitioner-Appellant, v. GEORGE BORNAC, Respondent-Appellee.)

Third District   No. 76-46

Opinion filed May 6, 1977.

Louis P. Walter, Jr., of Ohio, for appellant.

Louis J. Perona, of Perona & Perona, of Spring Valley, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Albert Bornac, who was previously adjudicated to be incompetent, appeals from a denial of his petition to revoke the conservatorship of his person and his estate.

In 1974, Albert Bornac inherited more than $80,000 from his brother Frank who, during his lifetime, had furnished Albert support and a home. Upon the petition of Albert's brother George, Albert Bornac was found to be incompetent, and George was named conservator of his estate. The court authorized George to pay Albert $50 per week spending money and to open an account at a restaurant where Albert could spend $35 per week for meals.

Albert filed a petition for an adjudication of competency and revocation of conservatorship in 1975. At the hearing on the petition the conservator appeared to contest the petition but no answer to the petition was ever filed in this cause. A general denial was offered orally in open court, and the conservator was given leave to file an answer within five

days, but the matter was not again brought to the attention of the trial court.

The testimony received at trial may be briefly summarized. Before Albert had been adjudicated an incompetent, he paid $3,500 toward a new car for his friend Sandra Dekreon. After he had become a ward, he purchased on credit a refrigerator, a color TV, clothing and other items for Sandra. Both Sandra and her father Ewald Carlson testified that Albert was able to manage his own money. Albert's personal physician stated that, in his opinion, Albert was capable of handling his own affairs, but he also recommended a psychiatric examination.

The conservator called Albert as an adverse witness under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60). Albert's testimony can be characterized as a pathetic demonstration of mental deficiency coupled with hostility. He acknowledged his signature on several credit sales slips but said he would tear up any bills that are sent to him. He accused his brother George of stealing his money, said that he was going to burn his own house down that night, made threats against George and George's attorney, and admitted that he sold a bag containing $900 in old coins to a neighbor for $20. Many times his answers were not responsive to the questions, and he was frequently confused as to dates, names, amounts of money, and other facts. At one time, Albert's attorney objected that there was no point to belaboring the examination of Albert, and the court responded, "Well, I think there was a definite point. I think it has been made."

At the conclusion of the hearing, the court ordered a psychiatric examination of Albert. According to the report subsequently filed, Albert was then 59 years of age, had an I.Q. of 62, and relied heavily on Ewald Carlson for advice. The psychiatrist concluded that Albert is mentally retarded and lacks sufficient judgment to handle large sums of money.

The trial court entered an order denying the petition, and this appeal follows. Albert asserts as grounds for reversal: (1) that it was error to allow the conservator to examine Albert as an adverse witness; (2) that the conservator admitted the allegations of the petition by failing to file an answer; and (3) that the order was contrary to the manifest weight of the evidence. We affirm the order.

■■ First, the trial court correctly permitted Albert to be called as an adverse witness. Section 5 of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 5), expressly provides that the Civil Practice Act shall govern competency proceedings, and under section 60 of the Civil Practice Act, any party may be called and cross-examined by an adverse party. Furthermore, the rule has long been recognized that a person who is so lacking in capacity as to require a conservator is not rendered

incompetent as a witness as a matter of law. *People v. Enright* (1912), 256 Ill. 221, 99 N.E. 935; Hunter, Trial Handbook for Illinois Lawyers § 31:10 (4th ed. 1972).

■■ Second, we are not persuaded that the conservator's failure to file an answer served as an admission of the allegations of the petition although admittedly it would have been better practice for an answer to have been filed prior to the hearing. The Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 129), provides that, when a ward files a petition to have the conservatorship revoked, "the Conservator or other interested person may file an answer to the petition." This language indicates that the filing of an answer is discretionary with the conservator, and, in fact, the conservator may choose not to contest the petition if he believes his ward has recovered. (*Cf.* 26 Ill. L. & Prac. *Mental Health* § 40 (1956).) However, where the conservator does oppose the petition, a written answer should be filed. In this case it is obvious from the record that the conservator opposed the petition and that his failure to file an answer was unintentional. Effective immediately, we grant the conservator leave to file his answer in this court, pursuant to our authority under Supreme Court Rule 366 (Ill. Rev. Stat. 1975, ch. 110A, par. 366).

■■ Finally, we believe the above summary of the evidence shows that the decision of the trial court was not contrary to the manifest weight of the evidence. Although the testimony was contradictory in some respects, the psychiatrist's report and Albert's own testimony substantiated a finding of Albert's incompetency. The trial judge who saw and heard the witnesses was in a superior position to judge the credibility of the witnesses. On the basis of the record, we must agree that Albert failed to sustain his burden of proving his capacity to manage his estate.

For the reasons stated, we affirm the decree of the Circuit Court of La Salle County.

Affirmed.

ALLOY and SCOTT, JJ., concur.